The court’s decision is here requested, without oral argument, on two procedural motions. We grant both motions. The first motion, filed by defendant on June 22, 1981, seeks to vacate an order filed June 12, 1981, by the trial judge. We will consider this as a motion for interlocutory review under Rule 53(c)(2)(ii) and (3)(ii). The second motion, filed by defendant on June 26, 1981, is for an enlargement of time to August 13, 1981, to reply to plaintiffs’ response to defendant’s motion for summary judgment or, alternatively, should plaintiffs be allowed to conduct discovery, for an enlargement of time of 30 days after completion of plaintiffs’ discovery within which to file its reply.
The procedural situation is badly tangled and some understanding of the chronology of the case is necessary to *786 put the pending motions in perspective. The petition was filed by plaintiffs on October 16, 1980, each plaintiff demanding the sum of $20 million for alleged breach of an implied-in-fact oral contract because agents of defendant’s Economic Development Administration did not approve plaintiffs’ application for a million dollar loan. The breach is premised on alleged violation of oral promises made during loan negotiations.
When defendant’s answer to the petition was filed, the trial judge, on January 6, 1981, appropriately issued the standard pretrial order on liability under Rule 111.
On January 30, 1981, plaintiffs filed a motion for call (Rule 75(a)(1)) on defendant and a motion for leave to take three oral depositions (Rule 84) of defendant’s agents who are charged by plaintiffs with violating their promises to make the loan.
On February 9, 1981, defendant moved the court for an order suspending all discovery in the case on the ground that defendant intended to file a dispositive motion. On February 26, 1981, defendant’s motion to suspend was allowed until April 1,1981.
On April 2, 1981, defendant’s motion for summary judgment was filed. Under Rule 14(b)(2) this filing suspended the reference of the case to the trial judge for purposes of summary judgment.
Since the suspension granted had now expired, defendant filed its opposition to the motions for discovery on April 13, 1981. Plaintiffs did not respond.
On June 12, 1981, the trial judge entered an order which allowed plaintiffs’ motion for call as a motion for production of documents, pursuant to Rule 74, and permitted the depositions to be taken. The order stated that although defendant had a motion for summary judgment pending, the brief in its support revealed many factual statements, supported by affidavits of government officers and documents from government files, to prove that there was no express or implied contract with plaintiffs. The trial judge cited Rule 101(f) and (g) as authority to permit the discovery to counter the motion for summary judgment. As stated in the opening paragraph of this order, it is this action by the trial judge which defendant now seeks to vacate.
*787 Defendant has three main arguments to support its pending motion to vacate. The first argument is that the discovery allowed by the trial judge is quite irrelevant to the narrow issues of law presented by the motion for summary judgment. The second argument is that while Rule 101 does indeed permit depositions to oppose affidavits supporting defendant’s motion for summary judgment, the discovery comes too late for this purpose since plaintiffs have already, on June 8, 1981, answered the dispositive motion. The third argument to vacate is that plaintiffs’ motion for discovery, which resulted in the trial judge’s order of June 12, was filed on January 30, 1981, and for preparation to comply with the pretrial order on liability. It had nothing at all to do with the motion for summary judgment which was filed on April 2, 1981, and pre-empted the pretrial procedures and suspended reference of the case to the trial judge. We have already noted that plaintiffs did not respond to defendant’s objections to discovery. We note, further, that plaintiffs’ response filed June 8, 1981, to the motion for summary judgment, makes no reference at all to the need for discovery to make that response. Finally, we note that plaintiffs have not responded to defendant’s two motions now before us for decision and that their time for doing so has expired.
It is clear to the court, therefore, that the trial judge’s order of June 12, 1981, was made out of time and was inadvertent for some of the other reasons mentioned above. The case is before the court on summary judgment. If summary judgment is denied and the case must go to trial, then discovery may be appropriate in preparing a response to the outstanding order on liability which has been preempted by the defendant’s dispositive motion. That order and the motion for discovery will still be pending for action if summary judgment is denied. We would judge this to be plaintiffs’ own view since it makes no issue of defendant’s opposition to discovery at this point in the proceedings and, indeed, filed its response to the motion for summary judgment with no suggestion that discovery for that purpose was needed, as we have already noted. The court concludes that the requirements in Rule 53(c) for interlocutory review have been met.
*788 it is therefore ordered that defendant’s motion to vacate the trial judge’s order issued June 12, 1981, is granted. Defendant’s motion for an enlargement of time to August 13, 1981, to reply to plaintiffs’ response to defendant’s motion for summary judgment is granted.
Plaintiffs’ motion for relief from order was denied October 2,1981.